# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Robert E. Spiker, a/k/a<br>Melissa A. Spiker (57409-018),<br><br>        Plaintiff,<br><br>    v.<br><br>Robert E. Erskines, et al.,<br><br>        Defendants. | Case No. 22 C 50053<br><br>Hon. Iain D. Johnston |

## ORDER

For the reasons set forth in this order, this case is dismissed with prejudice as a sanction for attempted fraud on the Court. Plaintiff's renewed application for leave to proceed *in forma pauperis* [7] is denied. Having brought this lawsuit, Plaintiff remains obligated to pay the $402.00 filing fee. The trust fund officer at Plaintiff's place of incarceration is directed to collect the filing fee using the mechanism in 28 U.S.C. § 1915(b)(2). Plaintiff's motions seeking injunctive relief [6] [13], attorney representation [9], certain discovery [10], and summary judgment [12] are denied. This case is closed. The Clerk is directed to enter final judgment and to send a copy of this order to Plaintiff and the trust fund officer at her place of incarceration.

## STATEMENT

Plaintiff Robert E. Spiker, also known as Melissa Anne Spiker[1], a federal prisoner, brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that correctional officers used improper force against her on June 21, 2021, and placed her in restraints for more than 20 hours. Plaintiff further alleges that she was denied medical treatment for broken ribs she suffered as a result of this incident.

By order of March 10, 2022, the Court ordered Plaintiff to take several steps if she wanted to proceed with this case. In addition to satisfying the filing fee requirements by either pre-paying the filing fee or submitting a properly completed *in forma pauperis* (IFP) application, the Court directed Plaintiff to submit an amended complaint containing all claims and Defendants, and properly disclosing her litigation history. Finally, the Court directed Plaintiff to show cause (explain in writing) under penalty of perjury, why she should not be sanctioned, up to and including dismissal of this case with prejudice, for failure to accurately disclose her litigation history in her original complaint.

The Court now has before it Plaintiff's amended complaint, renewed IFP application, and

---

[1] Plaintiff's filings indicate that she is a transgender person who refers to herself using female pronouns. The Court will do the same.

response to the show cause order. She also filed a motion seeking discovery, two motions seeking injunctive relief, a motion for attorney representation, and a motion for summary judgment.

As set forth in the Court's prior order, Plaintiff omitted from her disclosure of her litigation history five prior civil rights cases and seven habeas/§ 2255 cases.[2] In particular, Plaintiff failed to disclose *Spiker v. McNeil*, 10-cv-0943 (M.D. Fla.), which was dismissed as frivolous, incurring a strike under 28 U.S.C. § 1915(g).[3] Plaintiff also failed to disclose *Spiker v. Rodriguez*, No. 11-cv-1156 (M.D. Fla), which was dismissed with prejudice for false statements in her pleadings after Plaintiff wrote a disturbing letter to the Court.

In the letter submitted in *Rodriguez*, Plaintiff stated that the *Rodriguez* suit, and six other actions, were "based upon lies on my part, to cause the defendants undue harassment, loss of finances and to be dismissed from employment." *Id.* at Dkt. No. 25.

Plaintiff then listed the seven cases (three civil rights cases and four habeas cases), and stated: "I've resorted to perjury []. I enjoyed it, it was fun. The Courts, State and Defendants loss [sic] money and prestige because of me. I've got no money, no way to get it, nor do I want any. Any fines imposed would never be recovered. I laugh at all the people whom [sic] tried to overturn these cases from the start." *Id.*

Upon consideration of this letter, the Court dismissed Plaintiff's complaint with prejudice based on the false statements in the pleadings and referred the matter to the U.S. Attorney's Office for whatever action might be appropriate. *Id.* at Dkt. No. 26.

Subsequently, Plaintiff was indicted on three counts of perjury related to these allegedly false claims. *United States v. Spiker*, 649 F. App'x. 770, 771 (11th Cir. 2016). During the pendency of that case, Plaintiff was accused of soliciting the murder of the prosecutor and later attempting to murder him by concealing a sharpened metal shank on her person before a

---

[2] As set forth in the Court's prior order Plaintiff disclosed only two prior lawsuits: *Spiker v. Spiker*, No. 19-cv-1165 (M.D. Fla.), dismissed without prejudice for lack of subject-matter jurisdiction and failure to prosecute by order of Feb. 5, 2020; and one of either *Spiker v. Hicks*, No. 09-cv-0479 (M.D. Fla.), summary judgment granted to Defendants by order of June 20, 2011; or *Spiker v. Hicks*, 09-cv-0426 (M.D. Fla), dismissed without prejudice by order of May 14, 2009, for abuse of the judicial process for failure to disclose litigation history. Plaintiff disclosed limited information about the *Hicks* proceedings, which involved the same underlying facts, so the Court cannot tell which case she was attempting to disclose. In addition to one of the *Hicks* cases, Plaintiff failed to disclose the following civil rights cases: *Spiker v. McNeil*, No. 10-cv-0943 (M.D. Fla.), dismissed without prejudice as frivolous by order of Jan. 31, 2011; *Spiker v. Rodriguez*, No. 11-cv-1156 (M.D. Fla), dismissed with prejudice for false statements in pleadings by order of April 3, 2012; *Spiker v. Cleaveland*, No. 12-cv-0127 (M.D. Fla.), dismissed without prejudice by order Feb. 13, 2012, because Plaintiff sought improper relief; and *Spiker v. Watson*, No. 20-cv-0143 (S.D. Ind.), voluntarily dismissed on March 17, 2020.

[3] Section 1915(g) forbids a prisoner from proceeding *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

scheduled court appearance. *Id.* at 771–72. The weapon was confiscated at security. *Id.* at 772. She also was accused of soliciting the murder of the magistrate judge who arraigned her on the perjury charges. *Id.*

Plaintiff pleaded guilty in the murder-solicitation case and was sentenced to 720 months in prison. *Id.* The prosecutor who was the target of Plaintiff's scheme continued to prosecute her in the perjury case and negotiated a plea agreement with Plaintiff. *Id.* On appeal, the Eleventh Circuit found that the prosecutor's failure to recuse himself was plain error that warranted reversal and remanded for a new trial or plea hearing. *Id.* at 773–74. On remand, the perjury indictment against Plaintiff was dismissed. *See United States v. Spiker*, No. 12-cr-00144 (M.D. Fla.), Dkt. No. 95.

Plaintiff's explanation for her failure to disclose these cases is internally inconsistent. Plaintiff first states that as a federal inmate housed in the Special Housing Unit, she does not have "any of the information" for previously filed cases or appeals. She adds, "None of the information provided by this court in its order is known to me, nor can I find case law's [sic] pertaining to any of the cases specified." (Dkt. No. 8 at pgs. 1-2.) Plaintiff further states that she does "not have the means to obtain records like what is required by the Court when filing a lawsuit." (*Id.* at pg. 3.)

Clearly, however, even if Plaintiff did not have access to specific case numbers, she did not forget the civil lawsuit that set in motion the chain of events described above. Indeed, she acknowledges that she was charged with perjury related to her filings, but states that "the perjury issues were dismissed." (*Id.* at pg. 2.) "[B]ecause of the above, this Plaintiff was under the understanding that since the charges of perjury was [sic] dismissed [without] prejudice, I was not obligated to include these cases." (*Id.*)

"There is no doubt that courts have the power to dismiss a lawsuit with prejudice as a sanction when a party . . . disobeys a court order that allows the court to control its docket or manage the flow of litigation." *Greyer v. Ill. Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019) (citing *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011)). This includes failing to provide an accurate litigation history on a complaint form requiring this information. *Id.* In exercising its "broad discretion in fashioning sanctions against litigants," the Court must make an individualized inquiry and determine if an inmate's omission of prior cases is both intentional and material. *Id.* at 877–78. The Court also must consider whether a lesser sanction than dismissal with prejudice is appropriate. *Id.* at 877.

To dismiss a case as a sanction for litigation misconduct, the Court "must find that the litigant acted intentionally, or with a degree of culpability that exceeds simple inadvertence or mistake." *Sanders v. Melvin*, 25 F.4th 475, 485 (7th Cir. 2022) (internal citations omitted). The Court finds that Plaintiff's failure to disclose these cases, particularly *Rodriguez*, was not a mistake. It strains credulity to believe that Plaintiff thought that the dismissal of the criminal charges relieved her of her obligation to disclose her civil litigation history. This is so because the complaint form Plaintiff used to file her original complaint required disclosure of all prior state and federal lawsuits, and warned in bold-face, capitalized type: "Regardless of how many cases you have previously filed, you will not be excused from filling out this section completely,

3

and failure to do so may result in dismissal of your case." (*See* Pl.'s Compl., Dkt. No. 1, at pg. 4.) Further, Plaintiff is an experienced *pro se* litigant who has been warned about the need to disclose prior lawsuits when filing a new lawsuit. One of her prior civil lawsuits was dismissed without prejudice for abuse of the judicial process after Plaintiff failed to properly disclose her litigation history. *See Spiker v. Hicks*, No. 09-cv-0426 (M.D. Fla), Dkt. No. 4. Plaintiff was admonished at that time that "[i]f the Court cannot rely on the statements and/or responses made" on the civil rights complaint form, "it threatens the quality of justice." *Id.*

Further, contrary to Plaintiff's representation that the disclosure requirement obligated her to obtain court records to which she did not have access, Plaintiff could have disclosed information concerning these cases to the best of her recollection. In fact, she did this for two of her prior cases, *Spiker v. Spiker*, No. 19-cv-1165 (M.D. Fla.), dismissed without prejudice for lack of subject-matter jurisdiction and failure to prosecute by order of Feb. 5, 2020; and one of either *Spiker v. Hicks*, No. 09-cv-0479 (M.D. Fla.), summary judgment granted to Defendants by order of June 20, 2011; or *Spiker v. Hicks*, 09-cv-0426 (M.D. Fla), referred to above. As set forth above, Plaintiff provided minimal information for the *Hicks* matters, which concerned the same underlying facts, so the Court cannot tell which case she was attempting to disclose. Nonetheless, it is notable that Plaintiff was able to provide a few facts about the *Hicks* cases, which were filed even earlier than *McNeil* and *Rodriguez*. This supports a finding that her failure to disclose these cases, particularly *Rodriguez*, was an intentional attempt to conceal her history of litigation misconduct rather than the result of inadvertence or a lack of information.

The Court then must determine whether Plaintiff's non-disclosures were material. "Materiality is a context-specific inquiry, but . . . looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation." *Greyer*, 933 F.3d at 879 (internal citations omitted). The Seventh Circuit has found that the non-disclosure of cases that were dismissed as frivolous, malicious or for failure to state a claim, incurring a "strike" under § 1915(g), is material. *Id.* at 880. The Seventh Circuit urged caution in imposing severe sanctions in instances in which the undisclosed cases are not strikes and "thus have no bearing on the prisoner's ability to proceed under the PLRA," but observed that other "district courts remain empowered to sanction extreme bad-faith conduct." *Id.*

This case presents an unusual circumstance, in that Plaintiff did not incur a strike for *Rodriguez*, and to the best of the Court's knowledge, Plaintiff has incurred only one strike, for *McNeil*. Plaintiff, then, is still eligible to proceed IFP under the PLRA. But Plaintiff admitted to widespread litigation misconduct that amounted to abuse of process. *West v. West*, 694 F.3d 904, 906 (7th Cir. 2012) (abuse of process occurs when the aim of a lawsuit "is something other than a judgment, such as bankrupting the defendant or destroying his reputation or distracting him from his other pursuits or simply immiserating him."). Abuse of process can fall within the definition of "malicious" in the PLRA. *See Brooks v. Guyton*, No. 21-CV-1337, 2022 WL 696784, at *2 (C.D. Ill. Mar. 8, 2022) (McDade, J.). So Plaintiff could have incurred a "strike" for the dismissal in *Rodriguez*.

Moreover, the fact that Plaintiff admitted to repeated abuse of process is a material part of her litigation history because it indicates a history of wasting judicial time and resources, something which is relevant to the Court's determination of whether she should be allowed to

4

proceed IFP, as requested. The PLRA "allows, but does not compel," courts to permit indigent prisoners to proceed without pre-payment of the filing fee. *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007). Courts may withhold this privilege even in circumstances where the prisoner has not "struck out" under § 1915(g). *See id.*

It is questionable whether a prisoner with plaintiff's history of abuse of process should be allowed to proceed without pre-payment of the filing fee, but if Plaintiff believed that she was entitled to this privilege, she was required to be upfront with the Court about her litigation history. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) ("An applicant has to tell the truth, then argue to the judge why seemingly adverse facts . . . are not dispositive. A litigant can't say, "I know how the judge *should* rule, so I'm entitled to conceal material information from him.") (emphasis in original). Plaintiff's deliberate omission of significant portions of her litigation history while seeking IFP status warrants dismissal with prejudice. *See Ayoubi v. Dart*, 640 F. App'x. 524, 528–29 (7th Cir. 2016) (unpublished) ("[D]ismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary.").

The Court has considered lesser sanctions, but finds they are inappropriate. Because Plaintiff had only $0.69 on hand at the time of filing her renewed IFP application and states that she cannot pay the filing fee and has "no way of obtaining more finances" (although she admits receiving more than $3,100 in stimulus checks in the last year), a monetary sanction is not an option. (*See* Dkt. No. 7 at pgs. 2, 4, 6; Dkt. No. 9 at pg. 1.)

Further, given the seriousness of Plaintiff's past misconduct, a dismissal without prejudice, which would allow Plaintiff the option of re-filing this lawsuit, is not a strong enough sanction to impress upon Plaintiff the importance of forthrightness in all her interactions with the Court. As discussed above, Plaintiff previously had a case dismissed without prejudice for failure to disclose her litigation history, *Spiker v. Hicks*, No. 09-cv-0426 (M.D. Fla), but did not heed the warnings provided by the court in that case.

Additionally, the Court denies Plaintiff's renewed IFP application, both because of her failure to accurately disclose her litigation history and because her application does not demonstrate indigence. Plaintiff acknowledges that she received about $3,100 in government stimulus checks during the last year. These funds are considered the same as any other income when evaluating a prisoner's ability to pre-pay the filing fee, and were more than sufficient for Plaintiff to pay the filing fee in this matter had Plaintiff saved her money when she became aware of the basis of her claims.[4] *See Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998) (income includes all deposits to an inmate's institutional account regardless of the source); *see also Bell v. Maryland*, 2021 WL 1516011, at *3 (D. Md. Apr. 16, 2021) ("This Court is unaware of any provision that exempts income from federal stimulus checks or any other source from collection of filing fees under the PLRA.").

---

[4] Although Plaintiff did not provide a trust fund statement covering the entire six-month period prior to her filing this lawsuit, she had as much as $1,288.19 on hand on Sept. 8, 2021, months after the incident at issue in this lawsuit. (*See* Dkt. No. 7 at pg. 6.)

Having filed this lawsuit, Plaintiff remains obligated to pay the $402.00 filing fee. 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's place of incarceration is directed to collect the fee using the mechanism in 28 U.S.C. § 1915(b)(2), which calls for the Plaintiff to pay (and the facility having custody of her to remit) 20 percent of the money she receives for each calendar month in which she receives $10.00 or more, until the filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fees have been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to the case.

Plaintiff's motion for attorney representation, which does not demonstrate any efforts by Plaintiff to find counsel on her own, is denied. Her motions seeking summary judgment and certain discovery are denied in light of the disposition of this case.

Plaintiff also has filed two motions seeking injunctive relief. The first seeks transfer to another facility because of an incident on March 4, 2022, in which she alleges prison staff slammed her head into the floor after she refused a cell transfer. (Dkt. No. 6.) Plaintiff filed a similar motion seeking to be transferred to a "United States Marshals Office contracted facility" because staff allegedly are retaliating against her for filing this lawsuit. (Dkt. No. 13.) These motions are denied in light of the disposition of the case, but the Court further observes that the injunctive relief requested is beyond the scope of this case.

Because a preliminary injunction is meant to "preserve the relative positions of the parties until a trial on the merits can be held," *Benisek v. Lamone*, --- U.S ---, 138 S. Ct. 1942, 1945 (2018), a motion for preliminary injunctive relief must relate to the claims pending in the underlying lawsuit. *Talley v. Lee*, No. 3:15-cv-01032, 2018 WL 3083877, at *3 (S.D. Ill. June 22, 2018) (Rosenstengel, J.) (collecting cases); *see Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (motion for temporary relief was properly denied when it was "based on new assertions of mistreatment . . . entirely different" from the claims in the lawsuit). Plaintiff's compliant involves only the June 20, 2021, incident and the subsequent alleged denial of medical care, so any request to be transferred is beyond the scope of this case. Moreover, inmate placement decisions are within the purview of the Bureau of Prisons. *See* 18 U.S.C. § 4081; *see also Moody v. Daggett,* 429 U.S. 78, 88 n. 9 (1976) (Congress, through 18 U.S.C. § 4081, has given federal officials "full discretion" to control prisoner classification).

Final judgment will be entered. If Plaintiff wishes to appeal, she must file a notice of appeal with this Court within sixty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B). If Plaintiff appeals, she will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, she must file a motion

6

for leave to proceed *in forma pauperis* in this Court stating the issues she intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve her appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, she may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: April 27, 2022          By: _____
                                    Iain D. Johnston
                                    United States District Judge

7